IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SAMUEL LAMONT HARRIS,         )
                              )
         Petitioner,          )
                              )
     v.                       )        1:18CR375-1
                              )        1:21CV249
UNITED STATES OF AMERICA,     )
                              )
         Respondent.          )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 84 months, as a result of his guilty plea to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (Docket Entry 24 at 1-2; see also Docket Entry 1 (Indictment); Docket Entry 11 (Factual Basis); Docket Entry 12 (Plea Agt.); Docket Entry 31 (Plea Hrg. Tr.); Docket Entries 33, 34 (Sent'g Hrg. Tr.).)[1] Petitioner appealed (see Docket Entry 27), but the United States Court of Appeals for the Fourth Circuit "affirm[ed] th[is C]ourt's [J]udgment," United States v. Harris, 822 F. App'x 172, 175 (4th Cir. 2020). Petitioner did not pursue certiorari review (see Docket Entry 38, ¶ 9(g)), but did later file a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), raising two grounds for relief:

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

1) "[i]n order for the [U.S.S.G. §] 2K2.1(b)(6)(B) [enhancement] to be applied properly[, Petitioner] should have been charged for the burglary and the enhancement applied to the burglary and not the gun" (id., ¶ 12(Ground One)(a)); and

2) "ineffective [a]ssistance of [c]ounsel" (id., ¶ 12(Ground Two)), i.e., "[c]ounsel was ineffective for not adding Rehaif and Gary issues into the direct appeal to support the arguement [sic] cited by [Petitioner]" (id., ¶ 12(Ground Two)(a) (underscoring added) (referring to Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019), and United States v. Gary, 954 F.3d 194 (4th Cir. 2020), rev'd, Greer v. United States, ___ U.S. ___, 141 S. Ct. 2090 (2021))).[2]

The United States responded in opposition to the Section 2255 Motion. (See Docket Entry 43 (the "Response").)[3] Via letter dated

---

[2] The United States Supreme Court in Rehaif interpreted the word "knowingly" in 18 U.S.C. § 924(a)(2) to mean that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, ___ U.S. at ___, 139 S. Ct. at 2200. In Gary, the Fourth Circuit held that the district court's acceptance of the defendant's guilty plea without first informing him of the Government's burden to prove that the defendant knew that he belonged to a class of persons barred from possessing a firearm constituted "structural" error, Gary, 954 F.3d at 205-07, and vacated the defendant's guilty plea and convictions, see id. at 208. As the citation above reflects, the Supreme Court later rejected Gary.

[3] The Docket styles the Response as a "Motion to Dismiss and Response" (see Docket Text accompanying Docket Entry 43 (all-caps font omitted)); however, the Response does not appear to constitute
(continued...)

2

August 23, 2021, the Clerk notified Petitioner of his right to file a reply to the Response and warned him that "failure to [do so] . . . within the allowed time may cause the [C]ourt to conclude that the [Response's] contentions are undisputed." (Docket Entry 44 at 1; see also id. ("As a result, the [C]ourt may dismiss your suit or render judgment against you.").) Despite that warning, Petitioner did not file a reply. (See Docket Entries dated Aug. 23, 2021, to present.)

Ground One's challenge to the calculation of Petitioner's offense level under the advisory Sentencing Guidelines fails as a matter of law. See United States v. Foote, 784 F.3d 931, 940-43 (4th Cir. 2015) (ruling claims for misapplication of advisory Sentencing Guidelines non-cognizable under Section 2255). Alternatively, as the Response explains, Ground One lacks merit because (on direct appeal) the Fourth Circuit confirmed the propriety of the enhancement under Section 2K2.1(b)(6)(B), which imposes "no requirement that Petitioner be convicted of the burglary" (Docket Entry 43 at 5 (citing Harris, 822 F. App'x at 174, and U.S.S.G. § 2K2.1 cmt. n.14(B))).

Ground Two similarly falls short on multiple fronts, again as demonstrated in the Response. First, contrary to Petitioner's suggestion, "counsel cited both *Rehaif* and *Gary* in support of

---

[3](...continued)
a motion (see, e.g., Docket Entry 43 at 1). The Court therefore should terminate the Response as a motion.

Petitioner's appellate sentencing arguments."  (Id. at 7 (citing filings on appeal).)  Second, the Fourth Circuit concluded that "'*Rehaif* and its progeny d[id] not impact [the] analysis.'"  (Id. at 8 (full case name and citation for Rehaif omitted) (quoting Harris, 822 F. App'x at 174 n.2); see also id. ("'*Rehaif* reaffirmed the precedent that defendants are required "to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct."  This principle does not apply to sentence enhancements, which are imposed only after the defendant has been convicted of unlawful conduct.'" (internal citation omitted) (quoting Harris, 822 F. App'x at 174 n.2, in turn quoting Rehaif, ___ U.S. at ___, 139 S. Ct. at 2195))).  Accordingly, "Petitioner cannot demonstrate [his] counsel's 'performance' was in error, nor can he show error or 'prejudice'" (id.), as required for an ineffectiveness claim, see Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

In sum, Petitioner has established no entitlement to collateral relief.

**IT IS THEREFORE RECOMMENDED** that the Response (Docket Entry 43) be terminated as a motion and the Section 2255 Motion (Docket Entry 38) be denied without issuance of a certificate of appealability.

　　　　　　　　　　　　　　　　　　/s/L. Patrick Auld
　　　　　　　　　　　　　　　　　　**L. Patrick Auld**
　　　　　　　　　　　　　　**United States Magistrate Judge**
August 24, 2023